UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

SHANE COSSEY and FRANK POWLESS

                    Plaintiffs,

v.                                                9:04-CV-1501
                                                  (FJS/GHL)

JOSEPH DAVID, Superintendent; MR. HEATH,
Deputy of Programs; CAPTAIN JOSEPH BELARGE;
and REVEREND J.W. PRISK,

                    Defendants.
_____

APPEARANCES:                           OF COUNSEL:

SHANE COSSEY, 04-B-1290
  Plaintiff, *Pro Se*
Washington Correctional Facility
P.O. Box 180
Comstock, NY 12821

FRANK POWLESS, 03-B-2646
  Plaintiff, *Pro Se*
Bare Hill Correctional Facility
Caller Box 20
Malone, NY 12953

HON. ANDREW M. CUOMO                MEGAN M. BROWN, ESQ.
Attorney General for the State of New York     Assistant Attorney General
  Counsel for Defendants
The Capitol
Albany, NY 12224

GEORGE H. LOWE, United States Magistrate Judge

## <u>REPORT-RECOMMENDATION</u>

      This action has been referred to me for Report and Recommendation by the Honorable

Frederick J. Scullin, Jr., Senior United States District Judge, pursuant to 28 U.S.C. § 636(b) and

Local Rule 72.3(c) of the Local Rules of Practice for this Court.  Generally, in this *pro se* civil

rights action brought under 42 U.S.C. § 1983, Shane Cossey and Frank Powless ("Plaintiffs")

allege that, while they were inmates at Greene Correctional Facility ("Greene C.F."), four

employees of the New York State Department of Correctional Services–Greene C.F.

Superintendent Joseph David, Greene C.F. Deputy Superintendent of Programs Philip Heath,

Greene C.F. Captain Joseph Belarge, and Greene C.F. Chaplain J.W. Prisk ("Defendants")–

violated their rights under the First and Fourteenth Amendments by denying their requests for

various accommodations allegedly necessary for the practice of their Native American religion.

(Dkt. No. 1, ¶¶ 6, 7, 9 [Plfs.' Compl.].)  Plaintiffs request only injunctive relief from Defendants

(no monetary relief).  (*Id*. at ¶ 9.)  Currently before the Court is Defendants' motion for summary

judgment.  (Dkt. No. 44.)  For the reasons stated below, I recommend that Defendants' motion be

granted.

## I.      BACKGROUND

In their Complaint, Plaintiffs allege that, while they were inmates at Greene C.F.,

Defendants denied their requests for various accommodations that were allegedly necessary for

the practice of their Native American religion.  (Dkt. No. 1, ¶¶ 6, 7, 9 [Plfs.' Compl.].)  These

accommodations included the following: (1) the construction of a "sweat lodge," and permission

for Plaintiffs to use that sweat lodge, so that Plaintiffs may engage in traditional Native American

practices and ceremonies; and (2) permission to wear bandanas and other traditional Native

American regalia.  (*Id*. at ¶ 6.)  Plaintiffs allege that they made these requests to Defendants

Prisk, Heath, Belarge and David, and that Defendants Heath, Belarge and David referred the

requests to Defendant Prisk, who denied the request regarding the sweat lodge and who never

responded to the request regarding the bandanas and other traditional regalia.  (*Id*. at ¶¶ 4[c], 6.)
Plaintiffs do not specify when Defendants allegedly denied the above requests, or even when
those requests were made, although I note that their Complaint is dated December 22, 2004.  (*Id*.
at 6.)

As relief for these alleged violations of their First and Fourteenth Amendment rights,
Plaintiffs request the following: (1) the construction of a sweat lodge, and permission for
Plaintiffs to use that sweat lodge; (2) permission to wear bandanas and other traditional Native
American regalia; (3) permission to wear traditional Native American tribal hair styles; (4) the
purchase of cassettes, VHS tapes and history lessons regarding Native American teachings and
practices; (5) the reservation of a certain percentage of Greene C.F.'s budget (i.e., a percentage
equivalent to the percentage of Native Americans in Greene C.F.) for the payment of fees and/or
expenses necessary to provide Native American religious services and ceremonies at Greene
C.F.; and (6) the freedom to exercise their religious beliefs without being subjected to harassment
or placement in either keeplock confinement or Greene C.F.'s Special Housing Unit.  (Dkt. No.
1, ¶¶ 6, 7, 9 [Plfs.' Compl.].)  Plaintiffs do not seek monetary damages as a form of relief from
Defendants, only the aforementioned forms of injunctive relief.  (*Id*. at ¶ 9.)

## II.     APPLICABLE LEGAL STANDARD

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment is warranted
if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with
the affidavits, if any, show that there is no genuine issue as to any material fact and that the
moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c).  In determining

whether a genuine issue of material[1] fact exists, the Court must resolve all ambiguities and draw all reasonable inferences against the moving party.[2]

However, when the moving party has met its initial burden of establishing the absence of any genuine issue of material fact, the nonmoving party must come forward with "specific facts showing that there is a genuine issue for trial."[3]  The nonmoving party must do more than "rest upon the mere allegations . . . of the [plaintiff's] pleading" or "simply show that there is some metaphysical doubt as to the material facts."[4]  "A dispute regarding a material fact is *genuine* if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."[5]

What this somewhat complex burden-shifting standard means is that, where a plaintiff has failed to respond to a defendant's motion for summary judgment, "[t]he fact that there has been no response to a summary judgment motion does not . . . [by itself] mean that the motion is

---

[1]        A fact is "material" only if it would have some effect on the outcome of the suit. *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986).

[2]        *Schwapp v. Town of Avon*, 118 F.3d 106, 110 (2d Cir. 1997) [citation omitted]; *Thompson v. Gjivoje*, 896 F.2d 716, 720 (2d Cir. 1990) [citation omitted].

[3]        Fed. R. Civ. P. 56(e) ("When a motion for summary judgment is made [by a defendant] and supported as provided in this rule, the [plaintiff] may not rest upon the mere allegations . . . of the [plaintiff's] pleading, but the [plaintiff's] response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial.  If the [plaintiff] does not so respond, summary judgment, if appropriate, shall be entered against the [plaintiff]."); *see also Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 585-87 (1986).

[4]        Fed. R. Civ. P. 56(e) ("When a motion for summary judgment is made [by a defendant] and supported as provided in this rule, the [plaintiff] may not rest upon the mere allegations . . . of the [plaintiff's] pleading . . . ."); *Matsushita*, 475 U.S. at 585-86; *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986).

[5]        *Ross v. McGinnis*, 00-CV-0275, 2004 WL 1125177, at *8 (W.D.N.Y. March 29, 2004) [internal quotations omitted] [emphasis added].

to be granted automatically."[6]  Rather, practically speaking, the Court must (1) determine what material facts, if any, are undisputed in the record, and (2) assure itself that, based on those undisputed material facts, the law indeed warrants judgment for the defendants.[7]  However, where a plaintiff has failed to respond to a defendant's statements of material fact contained in its Statement of Material Facts (a/k/a its "Rule 7.1 Statement"), the facts as set forth in that Statement will be accepted as true[8] to the extent that (1) those facts are supported by the evidence in the record,[9] and (2) the non-moving party, if he is proceeding *pro se*, has been specifically

---

[6]        *Champion v. Artuz*, 76 F.3d 483, 486 (2d Cir. 1996).

[7]        *See Champion*, 76 F.3d at 486 ("Such a motion may properly be granted only if the facts as to which there is no genuine dispute show that . . . the moving party is entitled to a judgment as a matter of law.") [internal quotation marks and citation omitted]; *Allen v. Comprehensive Analytical Group, Inc.*, 140 F. Supp.2d 229, 232 (N.D.N.Y. 2001) (Scullin, C.J.) (stating that, where a plaintiff has failed to respond to a defendant's motion for summary judgment, "[t]he Court must review the merits of Plaintiff's claims").  This requirement (that the Court determine, as a threshold matter, that the movant's motion has merit) is also recognized by Local Rule 7.1(b)(3) of the Local Rules of Practice for this Court, which provides that "the non-moving party's failure to file or serve . . . [opposition] papers . . . shall be deemed as consent to the granting . . . of the motion . . . unless good cause is shown," *only where the motion has been "properly filed" and "the Court determines that the moving party has met its burden to demonstrate entitlement to the relief requested therein."*  N.D.N.Y. L.R. 7.1(b)(3) [emphasis added].

[8]        *See* Local Rule 7.1(a)(3) ("Any facts set forth in the Statement of Material Facts shall be deemed admitted unless specifically controverted by the opposing party.").

[9]        *See Vermont Teddy Bear Co., Inc. v. 1-800 Beargram Co.*, 373 F.3d 241, 243 (2d Cir. 2004) ("[W]here the non-movant party chooses the perilous path of failing to submit a response to a summary judgment motion, the district court may not grant the motion without first examining the moving party's submission to determine if it has met its burden of demonstrating that no material issue of fact remains for trial. . . .  If the evidence submitted in support of the summary judgment motion does not meet the movant's burden of production, then summary judgment must be denied even if no opposing evidentiary matter is presented. . . . [I]n determining whether the moving party has met this burden of showing the absence of a genuine issue for trial, the district court may not rely solely on the statement of undisputed facts contained in the moving party's Rule 56.1 Statement.  It must be satisfied that the citation to evidence in

5

advised of the potential consequences of failing to respond to the movant's motion for summary

judgment.[10]  (Here, I note that Plaintiffs were so advised by both Defendants and the Court.)[11]

Implied in the above-stated standard is the fact that, where a non-movant fails to respond

to a motion for summary judgment, a district court has no duty to perform an independent review

of the record to find proof of a factual dispute, even if that non-movant is proceeding *pro se*.[12]  In

_____

the record supports the assertion.") [internal quotation marks and citations omitted]; *Govan v. Campbell*, 289 F. Supp.2d 289, 295 (N.D.N.Y. Oct. 29, 2003) (Sharpe, M.J.) ("In this case, [the plaintiff] did not file a statement of undisputed facts in compliance with Local Rule 7.1(a)(3). Consequently, the court will accept the *properly supported* facts contained in the defendants' 7.1 statement.") [emphasis added]; *Adirondack Cycle & Marine, Inc. v. American Honda Motor Co., Inc.*, 00-CV-1619, 2002 U.S. Dist. LEXIS 4386, at *2-3 (N.D.N.Y. Mar. 18, 2002) (McAvoy, J.) ("Local Rule 7.1 requires a party opposing summary judgment to respond to the statement of undisputed material facts submitted by the movant.  To the extent such facts are not controverted, *the properly supported facts* will be taken as true.") [emphasis added; citation omitted]; *cf*. Fed. R. Civ. P. 83(a)(1) ("A local rule shall be consistent with . . . Acts of Congress and rules adopted under 28 U.S.C. §§ 2072 and 2075 [which include the Federal Rules of Civil Procedure] . . . ."); Fed. R. Civ. P. 56(e) (requiring that, "if the non-movant does not . . . respond [to a summary judgment motion], summary judgment, *if appropriate*, shall be entered against the non-movant," and requiring that, as a threshold matter, the motion for summary judgment must be "made *and supported* as provided in this rule") [emphasis added].

[10]     *See Champion v. Artuz*, 76 F.3d 483, 486 (2d Cir. 1996); *cf*. N.D.N.Y. L.R. 56.2 (imposing on movant duty to provide such notice to *pro se* opponent).

[11]     (Dkt. No. 44, Part 1; Dkt. No. 45.)  Plaintiff Powless apparently read these notices, since he subsequently requested (and was granted) an extension of time in which to respond to Defendants' motion.  (Dkt. Nos. 48-49.)

[12]     *See Amnesty Am. v. Town of W. Hartford*, 288 F.3d 467, 470 (2d Cir. 2002) ("We agree with those circuits that have held that Fed. R. Civ. P. 56 does not impose an obligation on a district court to perform an independent review of the record to find proof of a factual dispute.") [citations omitted]; *accord*, *Lee v. Alfonso*, No. 04-1921, 2004 U.S. App. LEXIS 21432 (2d Cir. Oct. 14, 2004), *aff'g*, 97-CV-1741, 2004 U.S. Dist. LEXIS 20746, at *12-13 (N.D.N.Y. Feb. 10, 2004) (Scullin, J.) (granting motion for summary judgment); *Fox v. Amtrak*, 04-CV-1144, 2006 U.S. Dist. LEXIS 9147, at *1-4 (N.D.N.Y. Feb. 16, 2006) (McAvoy, J.) (granting motion for summary judgment); *Govan v. Campbell*, 289 F. Supp.2d 289, 295 (N.D.N.Y. Oct. 29, 2003) (Sharpe, M.J.) (granting motion for summary judgment); *Prestopnik v. Whelan*, 253 F. Supp.2d 369, 371-372 (N.D.N.Y. 2003) (Hurd, J.).

the event the district court chooses to conduct such an independent review of the record, any

verified complaint filed by the plaintiff should be treated as an affidavit.[13]  (Here, I note that

Plaintiffs' Complaint contains a verification pursuant to 28 U.S.C. § 1746.)[14]  However, to be

sufficient to create a factual issue for purposes of a summary judgment motion, an affidavit (or

verified complaint) must, among other things, not be conclusory.[15]  An affidavit (or verified

complaint) is conclusory if, for example, its assertions lack any supporting evidence or are too

general.[16]  Finally, even where an affidavit (or verified complaint) is nonconclusory, it may be

---

[13]     *See Patterson v. County of Oneida*, 375 F.3d 206, 219 (2d. Cir. 2004) ("[A]
verified pleading . . . has the effect of an affidavit and may be relied upon to oppose summary
judgment."); *Fitzgerald v. Henderson*, 251 F.3d 345, 361 (2d Cir. 2001) (holding that plaintiff
"was entitled to rely on [his verified amended complaint] in opposing summary judgment"), *cert.
denied*, 536 U.S. 922 (2002); *Colon v. Coughlin*, 58 F.3d 865, 872 (2d Cir. 1993) ("A verified
complaint is to be treated as an affidavit for summary judgment purposes.") [citations omitted].

[14]     (Dkt. No. 1, at 6.)

[15]     *See* Fed. R. Civ. P. 56(e) (requiring that non-movant "set forth specific facts
showing that there is a genuine issue for trial"); *Patterson*, 375 F.3d at 219 (2d. Cir. 2004) ("Nor
is a genuine issue created merely by the presentation of assertions [in an affidavit] that are
conclusory.") [citations omitted]; *Applegate*, 425 F.2d at 97 (stating that the purpose of Rule
56[e] is to "prevent the exchange of affidavits on a motion for summary judgment from
degenerating into mere elaboration of conclusory pleadings").

[16]     *See, e.g.*, *Bickerstaff v. Vassar Oil*, 196 F.3d 435, 452 (2d Cir. 1998) (McAvoy,
C.J., sitting by designation) ("Statements [for example, those made in affidavits, deposition
testimony or trial testimony] that are devoid of any specifics, but replete with conclusions, are
insufficient to defeat a properly supported motion for summary judgment.") [citations omitted];
*West-Fair Elec. Contractors v. Aetna Cas. & Sur.*, 78 F.3d 61, 63 (2d Cir. 1996) (rejecting
affidavit's conclusory statements that, in essence, asserted merely that there was a dispute
between the parties over the amount owed to the plaintiff under a contract); *Meiri v. Dacon*, 759
F.2d 989, 997 (2d Cir. 1985) (plaintiff's allegation that she "heard disparaging remarks about
Jews, but, of course, don't ask me to pinpoint people, times or places. . . .  It's all around us" was
conclusory and thus insufficient to satisfy the requirements of Rule 56[e]), *cert. denied*, 474 U.S.
829 (1985); *Applegate*, 425 F.2d at 97 ("[Plaintiff] has provided the court [through his affidavit]
with the characters and plot line for a novel of intrigue rather than the concrete particulars which
would entitle him to a trial.").

insufficient to create a factual issue where it is (1) "largely unsubstantiated by any other direct evidence" and (2) "so replete with inconsistencies and improbabilities that no reasonable juror would undertake the suspension of disbelief necessary to credit the allegations made in the complaint."[17]

## III.   DISCUSSION

Defendants assert five arguments in support of their motion for summary judgment: (1) Plaintiffs' Complaint, which seeks only declaratory and injunctive relief from Defendants at Greene C.F., is moot since Plaintiffs are no longer incarcerated at Greene C.F.; (2) Plaintiff Cossey's claims must be dismissed in their entirety due to his failure to prosecute this action; (3) Plaintiffs have failed to adduce evidence establishing, or even allege facts indicating that,

---

[17]      *See, e.g.*, *Jeffreys v. City of New York*, 426 F.3d 549, 554-555 (2d Cir. 2005) (affirming grant of summary judgment to defendants in part because plaintiff's testimony about an alleged assault by police officers was "largely unsubstantiated by any other direct evidence" and was "so replete with inconsistencies and improbabilities that no reasonable juror would undertake the suspension of disbelief necessary to credit the allegations made in the complaint") [citations and internal quotations omitted]; *Argus, Inc. v. Eastman Kodak Co.*, 801 F.2d 38, 45 (2d Cir. 1986) (affirming grant of summary judgment to defendants in part because plaintiffs' deposition testimony regarding an alleged defect in a camera product line was, although specific, "unsupported by documentary or other concrete evidence" and thus "simply not enough to create a genuine issue of fact in light of the evidence to the contrary"); *Allah v. Greiner*, 03-CV-3789, 2006 WL 357824, at *3-4 & n.7, 14, 16, 21 (S.D.N.Y. Feb. 15, 2006) (prisoner's verified complaint, which recounted specific statements by defendants that they were violating his rights, was conclusory and discredited by the evidence, and therefore insufficient to create issue of fact with regard to all but one of prisoner's claims, although verified complaint was sufficient to create issue of fact with regard to prisoner's claim of retaliation against one defendant because retaliatory act occurred on same day as plaintiff's grievance against that defendant, whose testimony was internally inconsistent and in conflict with other evidence); *Olle v. Columbia Univ.*, 332 F. Supp.2d 599, 612 (S.D.N.Y. 2004) (plaintiff's deposition testimony was insufficient evidence to oppose defendants' motion for summary judgment where that testimony recounted specific allegedly sexist remarks that "were either unsupported by admissible evidence or benign"), *aff'd*, 136 F. App'x 383 (2d Cir. 2005) (unreported decision, cited not as precedential authority but merely to show the case's subsequent history, in accordance with Second Circuit Local Rule § 0.23).

Defendants David and Heath were personally involved in the constitutional violations alleged;
(4) Defendants are protected from liability by the doctrine of qualified immunity; and (5)
Plaintiffs have failed to exhaust their administrative remedies.  (*See generally* Dkt. No. 44, Part
16.)

### A.    Mootness

Defendants' mootness argument essentially consists of a four-part syllogism: (1)
Plaintiffs, in this action, seek only injunctive relief from Defendants, no monetary relief; (2)
more specifically, the injunctive relief is sought from Defendants to the extent they are officials
at Greene C.F., and to the extent that those Defendants can effect certain changes in prison
policies and conditions at Greene C.F.; (3) Plaintiffs are no longer incarcerated at Greene C.F.;
and thus (4) Plaintiffs cannot possibly obtain the injunctive relief they seek from Defendants.
(Dkt. No. 44, Part 16 at 4 [Defs.' Mem. of Law].)  Plaintiffs do not respond to that argument.  I
note that Plaintiff Powless' failure to respond appears to be rather deliberate, considering that it
came after he (1) requested (and was granted) an extension of time in which to respond, and (2)
requested (and was denied) a voluntary dismissal of his claims.[18]

"Where a properly filed motion is unopposed and the Court determines that the moving
party has met its burden to demonstrate entitlement to the relief requested therein, the non-
moving party's failure to file or serve any papers as required by this Rule shall be deemed as
consent to the granting or denial of the motion, as the case may be, unless good cause be shown."

---

[18]     Plaintiff Powless' request to voluntarily dismiss his claims was denied without
prejudice by my Order of June 4, 2007.  (Dkt. No. 52.)  Although my Order described the defects
in Plaintiff Powless' application (and how to correct them), Plaintiff Powless has not, at least as
of the date of filing of this Report-Recommendation, filed a renewed motion to voluntarily
dismiss his claims.

N.D.N.Y. L.R. 7.1(b)(3).  Among the "papers" required to be filed and served by Plaintiffs in response to the Defendants' motion is a memorandum of law.[19]  Because Plaintiffs have failed to file a memorandum of law opposing Defendants' argument, Plaintiffs have "consented" to that argument under Local Rule 7.1(b)(3) of the Local Rules of Practice for this Court.[20]

Because Plaintiffs have "consented" to the Defendants' argument, the only remaining issue is whether Defendants have met their burden "to demonstrate entitlement to the relief requested" through that argument.  This threshold burden has appropriately been characterized as "modest."[21]  This is because, as a practical matter, the burden requires only that the Defendants

---

[19]      N.D.N.Y. L.R. 7.1(a) (requiring opposition to motion for summary judgment to contain, *inter alia*, a memorandum of law); *cf.* Fed. R. Civ. P. 56(e) ("When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's *response* . . . must set forth specific facts showing that there is a genuine issue for trial.  If the adverse party does not so *respond*, summary judgment, if appropriate, shall be entered against the adverse party.") [emphasis added].

[20]      N.D.N.Y. L.R. 7.1(b)(3) ("Where a properly filed motion is unopposed and the Court determines that the moving party has met its burden to demonstrate entitlement to the relief requested therein, the non-moving party's failure to file or serve any papers as this Rule requires shall be deemed as consent to the granting or denial of the motion, as the case may be, unless good cause is shown."); *see, e.g., Beers v. GMC*, 97-CV-0482, 1999 U.S. Dist. LEXIS 12285, at *27-31 (N.D.N.Y. March 17, 1999) (McCurn, J.) (deeming plaintiff's failure, in his opposition papers, to oppose several arguments by defendants in their motion for summary judgment as consent by plaintiff to the granting of summary judgment for defendants with regard to the claims that the arguments regarded, under Local Rule 7.1[b][3]; *Devito v. Smithkline Beecham Corp.*, 02-CV-0745, 2004 WL 3691343, at *3 (N.D.N.Y. Nov. 29, 2004) (McCurn, J.) (deeming plaintiff's failure to respond to "aspect" of defendant's motion to exclude expert testimony as "a concession by plaintiff that the court should exclude [the expert's] testimony" on that ground).

[21]      *See Ciaprazi v. Goord*, 02-CV0915, 2005 WL 3531464, at *8 (N.D.N.Y. Dec. 22, 2005) (Sharpe, J.; Peebles, M.J.) (characterizing defendants' threshold burden on a motion for summary judgment as "modest") [citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-324 (1986)]; *accord, Saunders v. Ricks*, 03-CV-0598, 2006 WL 3051792, at *9 & n.60 (N.D.N.Y. Oct. 18, 2006) (Hurd, J., adopting Report-Recommendation of Lowe, M.J.); *Smith v. Woods*, 03-

present an argument that is "facially meritorious."[22]  Here, I find that Defendants' mootness

argument is, at the very least, facially meritorious.  Moreover, even if I were to examine

Defendants' mootness argument in depth, and I were to independently scour the record for any

proof of a factual dispute, I am confident that I would reach the same conclusion.

Specifically, all six forms of injunctive relief requested from Defendants are, indeed,

expressly limited to prison policies and conditions at Greene C.F.  *See*, *supra*, Part II of this

Report-Recommendation (summarizing Plfs.' requested relief).  I note that, in addition to the fact

that neither Plaintiff is currently incarcerated at Greene C.F., the fact remains that one of the four

---

CV-0480, 2006 WL 1133247, at *17 & n.109 (N.D.N.Y. Apr. 24, 2006) (Hurd, J., adopting
Report-Recommendation of Lowe, M.J.).

Authority exists for the similar proposition that a review of whether a movant has met its
"burden to demonstrate entitlement" to dismissal under Local Rule 7.1(b)(3) is a more limited
endeavor than a review of a contested dispositive motion.  *See*, *e.g.*, *Race Safe Sys. v. Indy
Racing League*, 251 F. Supp.2d 1106, 1109-1110 (N.D.N.Y. 2003) (Munson, J.) (reviewing
whether record contradicted defendant's arguments, and whether record supported plaintiff's
claims, in deciding unopposed motion to dismiss, under Local Rule 7.1[b][3]); *Wilmer v. Torian*,
96-CV-1269, 1997 U.S. Dist. LEXIS 16345, at *2 (N.D.N.Y. Aug. 29, 1997) (Hurd, M.J.)
(applying prior version of Rule 7.1[b][3], but recommending dismissal because of plaintiff's
failure to respond to motion to dismiss *and* the reasons set forth in defendants' motion papers)*,
adopted by* 1997 U.S. Dist. LEXIS 16340, at *2 (N.D.N.Y. Oct. 14, 1997) (Pooler, J.); *accord*,
*Carter v. Superintendent Montello*, 95-CV-989, 1996 U.S. Dist. LEXIS 15072, at *3 (N.D.N.Y.
Aug. 27, 1996) (Hurd, M.J.), *adopted by* 983 F. Supp. 595 (N.D.N.Y. 1996) (Pooler, J.).

[22]      *Hernandez v. Nash*, 00-CV-1564, 2003 U.S. Dist. LEXIS 16258, at *7-8
(N.D.N.Y. Sept. 10, 2003) (Sharpe, M.J.) (before a motion to dismiss may be granted under
Local Rule 7.1[b][3], "the court must review the motion to determine whether it is *facially
meritorious*") [emphasis added; citations omitted]; *accord*, *Topliff v. Wal-Mart Stores East LP*,
04-CV-0297, 2007 U.S. Dist. LEXIS 20533, at *28 & n.43 (N.D.N.Y. March 22, 2007) (Lowe,
M.J.); *Hynes v. Kirkpatrick*, 05-CV-0380, 2007 U.S. Dist. LEXIS 24356, at *5-6 & n.2
(N.D.N.Y. March 21, 2007) (Lowe, M.J.); *Sledge v. Kooi*, 04-CV-1311, 2007 U.S. Dist. LEXIS
26583, at *28-29 & n.40 (N.D.N.Y. Feb. 12, 2007) (Lowe, M.J.), *adopted by* 2007 U.S. Dist.
LEXIS 22458 (N.D.N.Y. March 28, 2007) (McAvoy, J.); *Kele v. Pelkey*, 03-CV-0170, 2006 U.S.
Dist. LEXIS 95065, at *5 & n.2 (N.D.N.Y. Dec. 19, 2006) (Lowe, M.J.), *adopted by* 2007 U.S.
Dist. LEXIS 4336 (N.D.N.Y. Jan. 22, 2007) (Kahn, J.).

Defendants in this action, namely Defendant David, is no longer even employed at Greene C.F. (Dkt. No. 44, Part 15, ¶ 1 [David Decl.].)  Thus, it would be impossible for Defendant David to grant the relief requested at Greene C.F.[23]  Moreover, one of the two Plaintiffs in this action, namely Defendant Cossey, is not even incarcerated anywhere in the DOCS prison system.  *See*, *infra*, Part III.B.2. of this Report-Recommendation.  As a result, it would be impossible for any DOCS employee to grant Plaintiff Cossey the relief requested at *any* DOCS correctional facility.

As a result, I recommend dismissal of Plaintiffs' claims on the ground that those claims have been rendered moot.

### B.     Plaintiff Cossey's Failure to Prosecute

Although Defendants argue that Plaintiff Cossey's claims should be dismissed, under Rule 41 of the Federal Rules of Civil Procedure, only for a failure to prosecute the action (and not also for a failure to comply with an Order of the Court), the Court is permitted, under Rule 41, to *sua sponte* dismiss a Complaint for failure to comply with the Federal Rules of Civil Procedure or an Order of the Court.  Fed. R. Civ. P. 41(b).[24]  Therefore, I will analyze Plaintiff Cossey's delinquent conduct in this action under both rationales for dismissal: (1) a failure to

---

[23]     For the sake of argument, I will set aside the issue of whether any of the Defendants has, within his power, any degree of control whatsoever over the policy and budgetary decisions requested by Plaintiffs (or whether that power is vested only in higher-ranking DOCS officials).

[24]     Fed. R. Civ. P. 41(b) (providing, in pertinent part, that "[f]or failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant"); *Saylor v. Bastedo*, 623 F.2d 230, 238-239 (2d Cir. 1980) (recognizing that, under the language of Rule 41[b], a district court retains the inherent power to dismiss a plaintiff's complaint, *sua sponte*, for failure to prosecute) (citations omitted); *see also* N.D.N.Y. L.R. 41.2(a) ("Whenever it appears that the plaintiff has failed to prosecute an action or proceeding diligently, the assigned judge shall order it dismissed.").

prosecute the action, and (2) a failure to comply with the Federal Rules of Civil Procedure or any order of court.

### 1. Failure to Prosecute

With regard to the first ground for dismissal (a failure to prosecute the action), it is within the trial judge's sound discretion to dismiss for want of prosecution.[25]  The Second Circuit has identified five factors that it considers when reviewing a district court's order to dismiss an action for failure to prosecute under Rule 41(b):

> [1] the duration of the plaintiff's failures, [2] whether plaintiff had received notice that further delays would result in dismissal, [3] whether the defendant is likely to be prejudiced by further delay, [4] whether the district judge has taken care to strike the balance between alleviating court calendar congestion and protecting a party's right to due process and a fair chance to be heard and [5] whether the judge has adequately assessed the efficacy of lesser sanctions.[26]

As a general rule, no single one of these five factors is dispositive.[27]  However, I note that, with regard to the first factor, Rule 41.2 of the Local Rules of Practice for this Court provides that a "plaintiff's failure to take action for four (4) months shall be presumptive evidence of lack of prosecution."  N.D.N.Y. L.R. 41.2(a).  In addition, I note that a party's failure to keep the Clerk's Office apprised of his or her current address may constitute grounds for dismissal under Rule

---

[25]     *See Merker v. Rice*, 649 F.2d 171, 173 (2d Cir. 1981); *Saylor v. Bastedo*, 623 F.2d 230, 238-239 (2d Cir. 1980).

[26]     *See Shannon v. GE Co.*, 186 F.3d 186, 193 (2d Cir. 1999) (affirming Rule 41[b] dismissal of plaintiff's claims by U.S. District Court for Northern District of New York based on plaintiff's failure to prosecute the action) [citation and internal quotation marks omitted].

[27]     *See Nita v. Conn. Dep't of Env. Protection*, 16 F.3d 482 (2d Cir. 1994).

41(b) of the Federal Rules of Civil Procedure.[28]

Here, with regard to the first factor (i.e., the duration of Plaintiff Cossey's failures), Plaintiff Cossey's last filing in this action was on June 17, 2005–more than three years ago. (Dkt. No. 18.)  I note that *pro se* actions have been dismissed for failure to prosecute where the failure was for less than seven months.  *See, e.g.*, *Georgiadis v. First Boston Corp.*, 167 F.R.D. 24, 25 (S.D.N.Y. 1996) (plaintiff had failed to comply with order directing him to answer interrogatories for more than four months).

With regard to the second factor (i.e., whether Plaintiff Cossey received notice that further delays would result in dismissal), it is *possible* that Plaintiff Cossey did receive notice that further delays would result in dismissal.  However, any such lack of notice would be due not to the actions of the Court or of Defendants but to Plaintiff Cossey's own failure to inform the Court of his current address since approximately December 12, 2005, when he was released from the custody of DOCS.  Moreover, it is possible that he did in fact receive such notice.  Indeed, Plaintiff implicitly acknowledged his obligation to keep the Court informed of his current address when, on June 17, 2005, he filed a change-of-address notice with the Clerk's Office.  (*See* Dkt. No. 18.)  It would hardly be surprising if Plaintiff Cossey had notice of the consequences of

---

[28]     *See, e.g.*, *Robinson v. Middaugh*, 95-CV-0836, 1997 U.S. Dist. LEXIS 13929, at *2-3 (N.D.N.Y. Sept. 11, 1997) (Pooler, J.) (dismissing action under Fed. R. Civ. P. 41[b] where plaintiff failed to inform the Clerk of his change of address despite having been previously ordered by Court to keep the Clerk advised of such a change); *accord*, *Whitehead v. Hollons*, 96-CV-0023, 1998 U.S. Dist. LEXIS 5235, at *1-3 (N.D.N.Y. Jan. 20, 1998) (Smith, M.J.), *adopted*, 1998 U.S. Dist. LEXIS 5234 (N.D.N.Y. Apr. 10, 1998) (Pooler, J.); *Cardona v. Foster*, 95-CV-1839, 1997 U.S. Dist. LEXIS 14717, at *3-4 (N.D.N.Y. July 24, 1997) (Scanlon, M.J.), *adopted*, 1997 U.S. Dist. LEXIS 14716 (N.D.N.Y. Sept. 22, 1998) (Pooler, J.); *see also* N.D.N.Y. L.R. 41.2(b) ("Failure to notify the Court of a change of address in accordance with [Local Rule] 10.1(b) may result in the dismissal of any pending action.").

delays in federal court since he is an experienced pro se litigant, having filed at least four other federal court actions, and having won (or partially won) at least two of those actions.[29]

With regard to the third factor (i.e., whether Defendants are likely to be prejudiced by a further delay in the proceedings), I find that this factor weighs in favor of dismissal. Since the filing of Plaintiff Cossey's Complaint, Defendant David (who is being sued due to his position as the Superintendent of Greene C.F.) has retired from DOCS.[30] Further delay by Plaintiff may very well result in the fading of memories, the discarding of relevant documents, and the retirement or transfer of witnesses.[31]

With regard to the fourth factor (i.e., a balancing of the court's interest in managing its docket with Plaintiff Cossey's interest in receiving a fair chance to be heard), I find that the need to alleviate congestion on the Court's docket outweighs Plaintiff Cossey's right to receive a further chance to be heard in this matter. It is cases like this one that delay the resolution of other cases, and that contribute to the Second Circuit's dubious distinction as having (among the twelve circuits, including the D.C. Circuit) the longest median time to disposition for prisoner civil rights cases, between 2000 and 2005 (9.8 months, as compared to a national average of 5.7

---

[29]     *See Cossey v. Killacky*, 04-CV-6305 (W.D.N.Y.) (prisoner civil rights action, settled for $1,200 on or about September 26, 2006); *Cossey v. United States*, 01-CV-2448 (M.D. Pa.) (prisoner civil rights action, settled for undisclosed amount on or about February 19, 2002); *Cossey v. Superintendent*, 04-CV-6298 (W.D.N.Y.) (habeas corpus proceeding); *Cossey v. Inch*, 04-CV-1136 (M.D. Pa.) (prisoner civil rights action).

[30]     (Dkt. No. 44, Part 15, ¶ 1 [David Decl.].)

[31]     *See, e.g.*, *Geordiadis v. First Boston Corp.*, 167 F.R.D. 24, 25 (S.D.N.Y. 1996) ("The passage of time always threatens difficulty as memories fade. Given the age of this case, that problem probably is severe already. The additional delay that plaintiff has caused here can only make matters worse.").

months).  I am fully aware of Plaintiff Cossey's right to be heard on the civil rights claims he has

presented.  However, I am also aware that the Court has afforded Plaintiff Cossey much

solicitude in this action due to his special status as a *pro se* civil rights litigant.  Simply stated, I

am unable to afford Plaintiff Cossey with a further opportunity to be heard in this action without

impermissibly burdening the Court and unfairly tipping the scales of justice against Defendants.

With regard to the last factor (i.e., whether the Court has adequately considered a sanction

less drastic than dismissal), I have considered all less-drastic sanctions and rejected them.  For

example, I am persuaded that issuing an Order chastising Plaintiff Cossey for his conduct would

be futile, given the fact that such an Order would not reach Plaintiff Cossey, due to his failure to

provide a current address.  I am also persuaded that simply waiting another month or so for

Plaintiff Cossey to contact the Court would also be futile, given the fact that he has failed to

contact the Court for more than three years now.

Based on a balancing of the foregoing factors, I find that the factors weigh in favor of

dismissal.  Accordingly, I recommend that the Court dismiss Plaintiff Cossey's claims on the

ground that he has failed to diligently prosecute this action.

### 2.    Failure to Comply with Order of Court

With regard to the second ground for dismissal (a failure to comply with an Order of the

Court), the legal standard governing such a dismissal is very similar to the legal standard

governing a dismissal for failure to prosecute.  "Dismissal pursuant to Fed. R. Civ.P. 41(b) for

failure to comply with an order of the court is a matter committed to the discretion of the district

16

court."[32]  The correctness of a Rule 41(b) dismissal for failure to comply with an order of the

court is determined in light of five factors:

> (1) the duration of the plaintiff's failure to comply with the court order,
> (2) whether plaintiff was on notice that failure to comply would result
> in dismissal, (3) whether the defendants are likely to be prejudiced by
> further delay in the proceedings, (4) a balancing of the court's interest
> in managing its docket with the plaintiff's interest in receiving a fair
> chance to be heard, and (5) whether the judge has adequately
> considered a sanction less drastic than dismissal.[33]

Here, on February 28, 2005, the Court ordered Plaintiff, *inter alia*, to keep the Clerk's

Office apprised of his current address.  (Dkt. No. 4 at 1. n.1 [Order of Judge Scullin, stating,

"The Court advises the parties that they must promptly notify the Clerk of the Court and all other

parties or their counsel of any change in address."].)  As of June 17, 2005, Plaintiff Cossey's

address of record in this action was Washington C.F.  (Dkt. No. 18.)  However, it appears from

the DOCS' Inmate Locator Service that, on or about December 19, 2005, Plaintiff Cossey was

released from the custody of DOCS.[34]  Since that date, Plaintiff Cossey has not notified the Court

or defense counsel of his change in address.  As a result, numerous Orders and items of

correspondence from the Court to Plaintiff Cossey have been returned to the Court as

undeliverable.  (Dkt. Nos. 31, 33, 36, 39, 43, 46 and 53.)   Under the circumstances, my analysis

of the five factors listed above is virtually identical to my analysis of the five factors discussed

earlier in Part III.A.1. of this Report-Recommendation.

---

[32]     *Alvarez v. Simmons Market Research Bureau, Inc.*, 839 F.2d 930, 932 (2d Cir. 1988) [citations omitted].

[33]     *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996) [citations omitted].

[34]     *See* NYS DOCS Inmate Locator Service, http://nysdocslookup.docs.state.ny.us/ GCA00P00/WIQ3/WINQ130 (last visited 8/21/07).

Based on a balancing of those factors, I find that the factors weigh in favor of dismissal. Accordingly, I recommend that the Court dismiss Plaintiff Cossey's claims on the alternative ground that he has failed to comply with an Order of the Court.

### C.    Lack of Personal Involvement of Defendants David and Heath

Defendants argue that Plaintiffs have failed to adduce evidence establishing, or even allege facts indicating, that Defendants David and Heath were personally involved in the constitutional violations alleged.  (Dkt. No. 44, Part 16 at 6-7 [Defs.' Mem. of Law].)  Again, Plaintiffs do not respond to that argument.  Because Plaintiffs have "consented" to the Defendants' argument by failing to respond to it, the only remaining issue is whether Defendants' have met their modest burden of demonstrating entitlement to the relief requested through that argument.

Here, I find that Defendants' personal-involvement argument regarding Defendants David and Heath is, at the very least, facially meritorious.  Moreover, even if I were to examine Defendants' personal-involvement argument in depth, and I were to independently scour the record for any proof of a factual dispute, I am confident that I would reach the same conclusion.

Granted, I liberally construe Plaintiffs' verified Complaint as asserting that (1) they asked Defendant Heath and David for a sweat lodge, and (2) Defendants Heath and David referred that request to Defendant Prisk, who denied the request.  (Dkt. No. 1, ¶¶ 4[c], 6.)  In addition, I liberally construe Plaintiffs' verified Complaint as asserting that they also asked Defendants Heath and David for permission to wear bandanas and other traditional Native American regalia, and that Defendant Heaths and David then referred that request to Defendant Prisk, who never responded to that request.  (*Id*. at ¶ 6.)

18

However, Plaintiffs do not allege such facts as when they made these requests, whether Defendant Heath actually read Plaintiffs' written request for a sweat lodge, how Plaintiffs made the requests to Defendant David (i.e., orally or in writing), when or how Defendants Heath and David referred the requests to Defendant Prisk, and how Defendant Prisk denied the request for a sweat lodge. As explained above in Part II of this Report-Recommendation, factual assertions made in affidavits (or verified complaints, which have the effect of affidavits) that are devoid of specifics are insufficient to defeat a properly supported motion for summary judgment.[35]  And Defendants' motion for summary judgment (in particular their personal-involvement argument) is, indeed, properly supported.

For example, Defendants have adduced evidence of the following facts: (1) Defendants David and Heath have no recollection of receiving any letters from Plaintiffs Cossey or Powless regarding the use of a Native American sweat lodge while at Greene C.F.; (2) Defendant Heath caused a search to be performed of the records at Greene C.F. for any correspondence to Defendants David or Heath from Plaintiffs Cossey or Powless regarding the use of a Native American sweat lodge while at Greene C.F., and that search uncovered no such correspondence, and (3) Defendants David and Heath have no recollection of having any oral conversations with Plaintiffs Cossey or Powless regarding the use of a Native American sweat lodge while at Greene C.F. (Dkt. No. 44, Part 15, ¶¶ 11-13 [David Decl.]; Dkt. No. 44, Part 9, ¶¶ 5-8 [Heath Decl.].)

Moreover, even if Defendants Heath or David had received such a request from Plaintiffs Cossey or Powless, and referred that request to a subordinate such as Defendant Prisk for action, any such referral would, in and of itself, be insufficient evidence upon which to base a finding of

---

[35]        *See*, *supra*, notes 15-16 of this Report-Recommendation.

personal involvement by Defendants Heath and David (who are supervisory officials) in the

constitutional violations alleged.[36]  Among other things, Plaintiffs have adduced no evidence that

any such communications to Defendants Heath or David were of such a specific and well-

supported nature as to place those Defendants on notice of any of the constitutional violations

alleged in this action,[37] and/or (2) even if Defendants Heath and David did receive such requests

from Plaintiffs, Plaintiffs have adduced no evidence that Defendants Heath or David would have

done anything wrong by referring the requests to Defendant Prisk–the facility's chaplain–for

action.[38]

---

[36]      *See Sealey v. Giltner*, 116 F.3d 47, 51 (2d Cir. 1997) ("[Plaintiff's] letters and [the DOCS Commissioner's] response do not demonstrate the requisite personal involvement on [the DOCS Comissioner's] part."); *Atkins v. County of Orange*, 251 F. Supp.2d 1225, 1234 (S.D.N.Y. 2003) ("[I]f mere receipt of a letter or similar complaint were enough, without more, to constitute personal involvement, it would result in liability merely for being a supervisor, which is contrary to the black-letter law that § 1983  does not impose respondeat superior liability."); *Woods v. Goord*, 01-CV-3255, 2002 U.S. Dist. LEXIS 7157, at *24 (S.D.N.Y. Apr. 24, 2002) ("Receipt of letters or grievances . . . is insufficient to impute personal involvement."); *Pritchett v. Artuz*, 99-CV-3957, 1999 U.S. Dist. LEXIS 20041, at *15-16 (S.D.N.Y. Jan. 3, 2000) ("[R]eceiving a letter or complaint does not automatically render Artuz personally liable under § 1983. . . .  Assuming that Artuz did receive a letter from plaintiff and blatantly ignored it, there would still be no liability under § 1983.").

[37]      *See Colon v. Coughlin*, 58 F.3d 865, 873 (2d Cir. 1995) (allegations that prisoner sent letter to prison superintendent, complaining that contraband had been planted in his cell, and that superintendent did not investigate, was not sufficient to subject superintendent to liability under § 1983 when the contents of the letter were not specified); *Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994) (affirming dismissal of DOCS Commissioner Thomas Coughlin from Section 1983 action based on lack of personal involvement because the plaintiff's letter to Coughlin did not state that he was being detained in SHU without a hearing, or that he had been deprived of any rights connected with a hearing), *accord*, *Thompson v. New York*, 99-CV-9875, 2001 U.S. Dist. LEXIS 9450, at *19-23 (S.D.N.Y. March 15, 2001).

[38]      *See Moncrieffe v. Witbeck*, 97-CV-0253, 2000 WL 949457, at *3 (N.D.N.Y. June 29, 2000) (Mordue, J.) (adopting magistrate judge's recommendation of dismissal of plaintiff's Section 1983 claim against the Superintendent because "the record clearly reveals that [the Superintendent] or his subordinate employees investigated plaintiff's grievances and rejected

Finally, Plaintiffs' verified Complaint contains no specific assertion that they ever wrote to Defendant Heath (or communicated orally with him) regarding any of the other numerous requests at issue in this action, namely, their request for (1) permission to wear traditional Native American tribal hair styles, (2) the purchase of cassettes, VHS tapes and history lessons regarding Native American teachings and practices, (3) the reservation of a certain percentage of Greene C.F.'s budget (i.e., a percentage equivalent to the percentage of Native Americans in Greene C.F.) for the payment of fees and/or expenses necessary to provide Native American religious services and ceremonies at Greene C.F., and (4) the freedom to exercise their religious beliefs without being subjected to harassment or placement in either keeplock confinement or Greene C.F.'s Special Housing Unit.  (Dkt. No. 1, ¶¶ 6, 7, 9 [Plfs.' Compl.].)

As a result, I recommend that the Court dismiss Plaintiffs' claims against Defendants Heath and David on the alternative ground that Plaintiffs have failed to adduce evidence establishing that Defendants David and Heath were personally involved in the constitutional violations alleged.

### D.      Qualified Immunity

In their memorandum of law, Defendants correctly cite the legal standard governing the qualified-immunity defense, and they correctly apply that legal standard to the facts of this case. (Dkt. No. 44, Part 16, at 7-8.)  As a result, I find that Defendants' qualified immunity argument (to which Plaintiffs have, again, failed to respond) is, at the very least, facially meritorious.

In addition to the points raised by Defendants, I would add only that I can find absolutely no evidence in the record that Defendant Prisk–upon whom the other Defendants were allegedly

---

them as being without merit").

21

relying to determine the merits of Plaintiffs' requests–acted with any sort of knowledge of wrongdoing or any sort of incompetence.  Rather, Defendant Prisk, a chaplain, swore in his Declaration that (1) he responded to Plaintiffs' communications, either by writing to them or directly speaking to them, (2) he advised Plaintiffs that he would contact Tom Porter, the Native American Chaplain for DOCS, regarding whether DOCS permitted the installation of sweat lodges at its correctional facilities, (3) he did, indeed, contact Mr. Porter, who responded that sweat lodges were not in fact permitted in DOCS correctional facilities, (4) in response to Plaintiff Cossey's request, he purchased cassette tapes for Native American inmates to learn language and song ritual, and he saw to it that those inmates were provided with a series of VHS tapes on Native American history, (5) he sent Mr. Porter a copy of the type of Native American hair style that Plaintiff Cossey wanted to wear, and Mr. Porter did not approve that hair style, although Mr. Porter did provide a picture of the traditional Native American hair style that was approved by DOCS, (6) he has no recollection of receiving any complaints from Plaintiffs regarding bandanas or other traditional regalia, and (7) as the Coordinating Chaplain at Greene C.F., Defendant Prisk is compelled to follow the direction of Mr. Porter on issues dealing with the Native American religion, since Mr. Porter is the Native American Chaplaint for DOCS.[39]

As a result, under the circumstances, I recommend that the Court dismiss Plaintiffs' Complaint on the alternative ground that Defendants are protected from liability by the doctrine of qualified immunity.

---

[39]      (Dkt. No. 44, Part 13, ¶¶ 7-15 [Prisk Decl.]; Dkt. No. 44, Part 14 [Ex. A to Prisk Decl., attaching copy of DOCS Directive No. 4202, regarding religious programs and practices].)

E.      **Exhaustion of Administrative Remedies**

Because I have already found that adequate grounds exist upon which to base a recommendation that Defendants' motion for summary judgment be granted, I need not, and do not, reach the merits of Defendants' alternative argument that Plaintiffs' Complaint should be dismissed because they have failed to adduce any evidence that they exhausted their administrative remedies before filing this action in federal court.  (Dkt. No. 44, Part 16, at 5.)

I would note only that, in their verified Complaint, in response to the question "Why did you choose not to present the facts relating to your complaint in the prison's grievance program?" Plaintiffs responded, in part, "Afraid of future altercations with officers."  (Dkt. No. 1, ¶ 4[b].) Thus, if the Court were to consider the merits of Defendants' exhaustion argument, I believe that the success of the argument would turn, in large part, on (1) whether sufficient record evidence exists to create an issue of fact regarding whether Plaintiffs' administrative remedies were effectively "unavailable" to them because of a reasonable fear of retaliation by correctional officers at Greene C.F., or (2) whether that fear, coupled with Plaintiffs' attempts to informally grieve various of the issues raised in their Complaint, constitute "special circumstances" justifying Plaintiffs' failure to exhaust their administrative remedies.

**ACCORDINGLY**, it is

**RECOMMENDED** that Defendants' motion for summary judgment (Dkt. No. 44) be **<u>GRANTED</u>**.

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(c), the parties have ten days within which to file written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court.  **FAILURE TO OBJECT TO THIS REPORT WITHIN TEN**

**DAYS WILL PRECLUDE APPELLATE REVIEW**. *Roldan v. Racette*, 984 F.2d 85, 89 (2d

Cir. 1993) (citing *Small v. Sec'y of Health and Human Svcs.*, 892 F.2d 15 [2d Cir. 1989]); 28

U.S.C. § 636(b); Fed. R. Civ. P. 6(a), 6(e), 72.

Dated: August 27, 2007
      Syracuse, New York

George H. Lowe
United States Magistrate Judge